

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-13-00018-CR

Roosevelt J. **GREEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-22234W
Honorable Raymond Angelini, Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  November 27, 2013

AFFIRMED AS REFORMED

Appellant Roosevelt J. Green filed a pro se appeal of a plea-bargained case. Counsel was appointed on January 17, 2013 to represent Green. The issue before this court is whether, after diligently searching the record and researching all the applicable law, we conclude that Green's appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978).

## BACKGROUND

Appellant Roosevelt J. Green was charged by information with his second offense of assault on a family member. Green waived indictment and entered a plea of *nolo contendere* to the allegation that he assaulted Johnnie Mitchell by cutting Mitchell with a knife. On March 22, 2010, pursuant to a plea bargain, the trial court placed Green on Deferred Adjudication Community Supervision for a period of ten years, assessed and probated a $1,200.00 fine, and ordered Green to have no harmful or injurious contact with the alleged victim.

On February 7, 2012, the trial ordered continued Green on Deferred Adjudication Community Supervision, but amended the conditions of his community supervision to include (1) attendance in a Young Offender Program and (2) entering a residential treatment program.

On August 23, 2012, the State filed a Motion to Enter Adjudication of Guilt based on Green's violations of his community supervision, including committing new offenses (a new assault and a criminal mischief), by failing to obtain and keep gainful employment, and by failing to pay his fines and fees assessed by the court. Based on his plea of true, on October 9, 2012, the trial court found the allegations to be true and entered an adjudication of guilt. The trial court revoked Green's community supervision and sentenced him to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court also assessed a fine in the amount of $1,200.00 and costs of $910.00 plus attorney's fees.

## ANALYSIS

Green's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. In counsel's brief, he states that he has reviewed the entire record and found no reversible error. *See* TEX. R. APP. P. 44.2. The brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *High*, 573 S.W.2d at 813; *Gainous v. State*, 436 S.W.2d 137, 138

(Tex. Crim. App. 1969). As required, counsel provided Green with a copy of the brief and counsel's motion to withdraw, and informed Green of his right to review the record and file his own pro se brief. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). The record does not reflect Green filed a pro se brief.

After reviewing the record and counsel's brief, we agree that the record contains no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

### ASSESSMENT OF ATTORNEY'S FEES

The record shows that on December 30, 2009, the trial court entered an order providing Green with a court-appointed attorney. Appelate counsel was appointed on January 17, 2013, in regards to the State's Motion to Adjudicate Guilt. The appointment was "to continue, (unless relieved by the court earlier, after a finding of good cause is entered on the record), until charges are dismissed, the defendant is acquitted, all post-trial motions are resolved, notice of appeal is perfected, or until relieved by the court or replaced by other counsel."

The record before this court does not contain an affidavit of indigency for appointment of counsel before the trial. *See* TEX. CODE CRIM. PROC. ANN. 26.05(g) (West Supp. 2013); *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013). The record does, however, include the appointment of counsel to represent Green at the trial level. Accordingly, we conclude the record supports that Green was indigent and unable to employ counsel. *See Wiley*, 410 S.W.3d at 317 (explaining defendant previously found indigent is presumed to remain indigent); *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p)) ("[A] 'defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.'").

**CONCLUSION**

We affirm the trial court's judgment, *see Bledsoe*, 178 S.W.3d at 826–27, and grant appellate counsel's motion to withdraw, *see Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1. However, because attorney's fees may not be assessed against Green, we reform the judgment and bill of costs to delete the assessment of attorney's fees. *See Moore v. State*, No. 09-11-00622-CR, 2012 WL 4470898, at *1 (Tex. App.—Beaumont Sept. 26, 2012, no pet.) (mem. op., not designated for publication).

No substitute counsel will be appointed. Should Green wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from (1) the date of this opinion or (2) the date the last timely motion for rehearing or en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3(a). Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

PER CURIAM

DO NOT PUBLISH